Filed 2/17/21  P. v. Devera CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>DENNIS AYSON DEVERA,<br><br>     Defendant and Appellant. | D077758<br><br><br>(Super. Ct. No. SCD282665) |

APPEAL from a judgment of the Superior Court of San Diego County, Laura H. Parsky, Judge.  Affirmed.

John E. Edwards, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

On July 30, 2019, the San Diego District Attorney filed a felony complaint against defendant Dennis Ayson Devera in connection with an incident occurring at a San Diego Home Depot store. The complaint charged defendant with burglary of a commercial building (Pen. Code,[1] § 459, count 1); conspiracy to commit a burglary or grand theft (§ 182, subd. (a)(1), count 2); and grand theft of personal property (§ 487, subd. (a), count 3). The complaint further alleged defendant had prison priors from 2016 (§§ 667.5, subd. (b) & 668).

A jury returned guilty verdicts on counts 1 and 2, but deadlocked on count 3, leading the court to declare a mistrial on this count which was ultimately dismissed. The court sentenced defendant to the middle term of two years in state prison on count 1; and imposed but stayed a two-year sentence on count 2. (§ 654, subd. (a).) The court granted defendant credit for 147 days of local time served and 146 days (§ 4019), for a total of 293 days of presentence credit.

The court imposed a restitution fine of $1,200 (§ 1202.4) and a matching suspended parole revocation fine (§ 1202.44); a $41 theft fine (§ 1202.5); an $80 operations assessment (§ 1465.8); a $154 criminal justice administration fee (Gov. Code, § 29550); and a $60 criminal conviction assessment (*id.*, § 70373). The court found there was an insufficient showing of defendant's inability to pay, declined to waive the fines, fees, and assessments, but stayed them until September 2021.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) setting forth a summary of the proceedings and facts with citations to the reporter's and clerk's transcripts but raises no specific

---

[1]     Unless otherwise noted, all further statutory references are to the Penal Code.

issues. Counsel requests this court review the entire record to see if it shows any issues that would, if resolved favorably to defendant, result in a reversal or modification of the judgement. Affirmed.

FACTUAL BACKGROUND

*Current Offense*

Sika F. worked as a loss prevention specialist at a San Diego Home Depot store. On July 25, 2019, he observed defendant in the hardware department of the store. He noted defendant was similar in appearance to a man whose photograph had been circulated as an individual who was in the "be on the lookout" (BOLO) system for the store. Because Sika was suspicious defendant might be involved in a theft, he contacted his partner and co-employee Jeff S., and the two men placed defendant and defendant's companion, Gilbert Valencia,[2] under observation.

A store security video showed the events on that day and Sika also described them to the jury. It showed defendant and Valencia pulling into the store parking lot. Defendant entered the store and took a shopping cart to the plumbing aisle. He then entered the tool area, selected several power tools and placed them in the cart. In another aisle, the video showed him placing the tools behind a display before leaving the store without purchasing anything. The video showed the two men driving away.

Shortly thereafter defendant and Valencia returned to the store. Defendant was wearing a different shirt. Sika followed defendant from a distance after he reentered the store. He saw defendant retrieve the items he had tucked behind the display and put them in a cart. Defendant then took the tools to the plumbing aisle and pushed the tools through a half-moon shaped cut he had made in a tub box. Defendant left the store without

---

[2] Valencia is not a party to this appeal.

3

making a purchase. Valencia next entered the store, went to the tub aisle, and placed the tub box containing the power tools defendant had hidden in his cart. Valencia paid for the tub, but not the tools inside its box.

Jeff contacted Valencia just outside the store's front door, identified himself as a Home Depot security agent, and escorted Valencia back into the store. Law enforcement was called. When officers arrived, they viewed the surveillance video and arrested Valencia. One of the arresting officers examined Valencia's cell phone and concluded calls had been placed to defendant, who remained in the store parking lot. Defendant was contacted by officers and his cell phone examined. They noted he had recently accessed the Sheriff Department's website. Defendant was arrested.

*Prior Incident*

On April 26, 2019, Encinitas Home Depot employee Steven T. observed a man he later identified as defendant grabbing power tools and hurriedly putting them in a shopping cart. Defendant then went to the cabinet aisle, put the tools into packaging for a cabinet, and walked away. Valencia next entered the store, went to the cabinet box where defendant had placed the power tools, and went through the checkout aisle. He paid for the cabinet but not the tools inside.

Steven followed Valencia into the parking lot, where he saw defendant and Valencia load the cabinet into a vehicle. He took a photograph of them as they sped away. The police were not called, but the photo taken by Steven was sent to other Home Depot stores on their BOLO system, including the Home Depot store where Sika worked.

4

DISCUSSION

Defendant filed pretrial motions, including a motion in limine to exclude his prior criminal convictions. The trial court in part granted the request, ruling that if he chose to testify, defendant could be impeached with two prior convictions in 2016 and one in 2013. Defendant also filed an in limine motion to exclude the testimony of witnesses, including Steven, who had observed defendant and Valencia in the Encinitas Home Depot on April 26, 2019. The court denied that motion, and granted the prosecution's motion to admit evidence of a prior similar burglary (Evid. Code, § 1101, subd. (b)).

Defendant's prison priors enhancement was dismissed in light of recent changes in the law.

As noted, appellate counsel filed a *Wende* brief. Defendant has been advised of his right to file a separate brief on his own behalf. He has not done so.

In order to assist the court, pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) appellate counsel points to two potential issues: (1) whether the trial court erred in allowing the introduction of evidence of prior uncharged criminal acts to demonstrate a common plan, intent, knowledge and lack of mistake; and (2) whether, pursuant to *Riley v. California* (2014) 573 U.S. 373, the officers' review of information on defendant's cell phone during the July 25, 2019 incident violated his right to privacy, including whether this potential issue was waived for failure to object at trial.

We have independently reviewed the record as required under *Wende* and considered the potential issues defendant raises pursuant to *Anders*. We find no issue which would result in reversal or modification of defendant's judgment.

5

Defendant has been represented by competent counsel on appeal.

DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:


AARON, J.


IRION, J.